(38 South. 414.)

No. 15,348.

WILLIAMS v. WHITE CASTLE LUMBER & SHINGLE CO., Limited.

(March 27, 1905.)

VENDOR AND PURCHASER—QUITCLAIM DEED—
   BONA FIDES—NOTICE—FAILURE
     TO RECORD TITLE.

1. Acquisition of property under a quitclaim title loses its significance as a circumstance tending to show bad faith in the purchaser where a sufficient explanation is given, and more particularly when it is admitted as a fact that such purchaser acquired in good faith and without notice.

2. Act No. 97, p. 107, of 1890, provides for the registry in the office of the recorders of the respective parishes of the titles to lands thereby conveyed by the state to the board of commissioners of the Atchafalaya levee district, and the general law upon the subject of registry applies to the conveyance of all lands alienated by said board.

3. Where A. sells land of which he is the owner to B., who fails to record his title, C., subsequently purchasing the same land from A. in good faith, and without notice of the prior conveyance, acquires a good title as against B.

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Paul Lêche, Judge.

Action by Frank B. Williams against the White Castle Lumber & Shingle Company, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

Beattie & Beattie, for appellant. McCloskey & Benedict and Arthur McGuirk, for appellee.

### Statement.

MONROE, J.  This is a petitory action for the recovery of the east half of the southwest quarter of section 53, township 14 south, range 14 east, Southeastern Land District of Louisiana, west of the Mississippi river, in the parish of Assumption. The defendant having set up an alleged superior title, the plaintiff undertook to call his authors in warranty, but an objection to that mode of procedure was sustained by the court, and the call was stricken out.

Plaintiff traces his title to what is termed a "patent" issued by the president and secretary of the board of commissioners of the Atchafalaya levee district to Edgar and Adrien Aucoin; Edgar Aucoin having upon September 2, 1899, sold his interest to Adrien Aucoin, and the latter upon May 10, 1900, having sold the entire property to the plaintiff. It does not appear that the president and secretary of the board of commissioners of the Atchafalaya levee district were authorized by that body to dispose of the land in question by patent or otherwise, and it is admitted that the soi-disant patent mentioned was not recorded in the parish of Assumption until February 8, 1898.

Defendant traces its title to a patent issued by the state of Louisiana, and a conveyance, in the form of a quitclaim deed, purporting to have been executed, with the authority of the board, by the president of the board of commissioners of the Atchafalaya levee district May 1, 1893 (both patent and deed having been recorded in the parish of Assumption July 25, 1895), whereby the state and said board conveyed said property to W. H. Howcott. "It is admitted by the plaintiff that the defendant, the White Castle Lumber & Shingle Co., Limited, and its authors, The Howcott Land Company and W. H. Howcott, are purchasers in good

faith, without notice, reserving the right to argue the effect of any legal notice. Plaintiff further admits that W. H. Howcott acquired said lands for, and in the name of, the Howcott Land Company, Limited."

·It is conceded that the land in question is included among those granted by the state by Act No. 97, p. 107, of 1890, to the board of commissioners of the Atchafalaya levee district. There was judgment for defendant, and plaintiff has appealed.

### Opinion.

The learned counsel for the plaintiff necessarily argues that the grant under Act No. 97, p. 107, of 1890, to the levee board was in præsenti, since otherwise his client has no pretense of title; and he further argues, as a legal proposition, and in spite of the admitted fact that the defendant's author acquired in good faith and without notice, that defendant's author must be held to have acquired in bad faith and with notice, because the conveyance from the levee board is in the form of a quitclaim deed.

The then condition of the title, as between the state and the levee board, however, sufficiently explains why the conveyance from the latter was executed in the form mentioned. It was not known at that time, and it may be that it is not known now, whether a perfect title to the lands affected by Act No. 97 of 1890 was conveyed to the levee board by the terms of that act, or whether something more was necessary for the accomplishment of that result; and, as neither the board nor the plaintiff was in a position to decide the question finally and authoritatively, it can readily be understood why the one offered, and the other in good faith accepted, a quitclaim title. The contention that because a patent (i. e., "a conveyance by which the government itself, state or federal, conveys its land") need not, in order to bind third persons, be recorded in the parish in which the lands conveyed by it are situ-

ated, it was unnecessary so to record the pseudo patent relied on by the plaintiff, is without support. The act under which alone the levee board could have acquired the land here in dispute provides for the registry of the title from the state to the board in the office of the parish recorder, and the general law upon the subject of registry applies to the conveyance of all lands that may be alienated by the board. Moreover, it seems unlikely that the instrument relied on by plaintiff was recorded even in the office of the levee board, since, if it had been, and the conveyance to the plaintiff was authorized, the subsequent conveyance to the defendant's author would hardly have been made.

It only remains to be said that, when the conveyance last mentioned was made and accepted, there was nothing upon the records of the parish of Assumption to indicate that the vendor had previously parted with the land; and it follows that the prior unregistered conveyance relied on by the plaintiff can be accorded no effect as against the vendee. Civ. Code, arts. 2253, 2254, 2264, 2266, 2275; Baker v. Atkins & Wideman, 107 La. 490, 32 South. 69.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed at the cost of the appellant.